UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FELICIA JENKINS, | ) | CIVIL ACTION NO. |
| *Plaintiff* | ) | 3:22-cv-01289-KAD |
| v. | ) | |
| HARTFORD POLICE DEPARTMENT CHIEF JASON THODY, *in his official and individual capacity*; SERGEANT JAMES GUZIE, *in his official and individual capacity*; UNNAMED OFFICERS OF THE HARTFORD POLICE DEPARTMENT, *in their official and individual capacity*; and THE CITY OF HARTFORD, | ) ) ) ) ) ) ) ) ) | |
| *Defendants* | ) | OCTOBER 17, 2022 |

**COMPLAINT AND JURY DEMAND**

**I. Introduction**

Plaintiff brings this federal question action pursuant to 42 U.S.C. §1983, 42 U.S.C. §1981, the First Amendment of the U.S. Constitution's Right to Free Speech, the Eighth Amendment's prohibition of cruel and unusual punishment` and the Equal Protection Clause of the Fourteenth Amendment. The Plaintiff's Complaint also includes various state claims against the Defendants, all of which federal and state claims result from the Defendants' use of excessive force against the Plaintiff while she was in their custody and physically restrained by two officers at the Hartford Police Department ("HPD") on or about March 13, 2021. While in HPD custody and each arm being held by two officers at HPD, the Plaintiff expressed her belief that she was being subjected to the use of excessive force based upon her race as a black woman by white HPD officers. Plaintiff's expressed complaints included the use of critical racial terms directed at the white officers including Defendant Sgt. Guzie, all of whom she referred to as

1

being racist in their behavior. As a direct result of the Plaintiff expressing her views of Sgt. Guzie's and the other officers' conduct, the Defendant, Sgt. Guzie, with a clenched fist struck the Plaintiff violently on the right side of her jaw while two other officers restrained her by holding both of her arms. Sgt. Guzie after the Plaintiff was lying on the floor engaged in "mushing" her face violently to the floor. Sgt. Guzie's punch was so violent that despite being held by two officers, the Plaintiff fell violently to the floor, after which he engaged in "mushing" her face violently to the floor. Sgt. Guzie then dragged the Plaintiff into a holding cell as she was lying on the floor.

**II. Jurisdiction.**

1. This federal action is brought pursuant to 42 U.S.C. §§1983 and 1981, the First, Eighth and Fourteenth Amendments to the U.S. Constitution along with various state claims. Jurisdiction is conveyed pursuant to 28 U.S.C. §1343(3) and 28 U.S.C. §1331.

**III. Venue.**

2. Venue in the Federal District Court for the District of Connecticut is proper pursuant to 28 U.S.C. §1391.

## PARTIES

3. The Plaintiff, Felicia Jenkins, was at all times relevant herein a resident of the City of Hartford.

4. The Defendant, Sgt. James Guzie, was at all times relevant herein an officer of HPD and was a Sergeant of the HPD.

5. HPD Officers Kelly Baerga, Shane Mebane, Paul Cohen, Jose Contreras, as well as other unknown HPD officers who were present and engaged in the use of excessive force against the Plaintiff.

6. The Defendant Chief James Thody was at all times herein the Chief of HPD.

7. The City of Hartford was at all times herein responsible for the overall operations of the HPD, including training, discipline and enforcing the terms of the *Cintron v. Vaughan* Consent Decree.

**STATEMENT OF FACTS**

8. The Defendant City of Hartford beginning as early as 1969 engaged in a pattern or practice of using excessive force in the apprehension, arrests, and in custody treatment of brown and black people in the City streets and/or in the custody of the HPD.

9. As a result of this pattern or practice of using excessive force against black and brown people as described above, the City was sued in the case of *Cintron v. Vaughan* and ultimately entered into a Consent Decree that, among other requirements, included training and discipline of HPD officers to prevent the continuation of the judicially determined pattern or practice of the using excessive force in apprehending, holding in custody or other treatment of black and brown arrestees, detainees or others in the custody of the HPD.

10. On or about the late hours of March 12, 2021 to the early morning hours of March 13, 2021, the Plaintiff was in the custody of the HPD and being held at 253 High Street in the City of Hartford at the HPD for a domestic matter.

11. At or about 43 minutes past midnight on March 13, 2021, while in custody and being restrained physically by two white officers of the HPD, Kelly Baerge who held Plaintiff's right arm, and Shane Mebane who held her left arm, the Plaintiff exercised her First Amendment right to free speech by protesting the conduct of the white HPD officers who were restraining her by use of excessive force.

12. The Plaintiff in exercising her right to free speech referred to the officers in terms that

were critical of their racially biased behavior.

13. In response to the Plaintiff exercising her right to free speech by protesting the use of excessive force by the white HPD officers, while the Plaintiff's right arm was being held by Officer Baerga and her left arm was being held by Officer Mehane, the Defendant Sgt. James Guzie exercised what he described as a "Hard Hand Control", that is, he balled up his right hand fist and struck the Plaintiff violently on her left facial cheekbone, causing her to fall immediately and violently to the floor.

14. While the Plaintiff laid helplessly on the floor at the HPD station, Sgt. Gugie "mushed" her head violently against the floor.

15. Sgt. Guzie claimed falsely that HPD officers were trained to use what he described as a "Hard Hand Control" under circumstances as were present on March 16, 2021, i.e., striking a restrained person in custody with a clenched fist to the face, while in fact such conduct by Sgt. Guzie was in violation of HPD Policy 3.01 Use of Force - General Section II.

16. As the Plaintiff laid incapacitated on the floor of HPD as a result of Sgt. Guzie's violent punch to her face, she was dragged off by Sgt. Guzie against the repeated vocal admonitions of the other HPD officers and thrown into cell 65 by Sgt. Guzie.

17. The plaintiff remained in cell 65 for the entire night without being treated for the injuries she received to the left side of her face as a result of the violent blow to her face by Sgt. Guzie.

18. The Plaintiff's injuries included swelling to her left eye and entire left side of her face, which serious injuries went untreated for the entire night as she lay in cell 64.

19. The Plaintiff received no medical treatment for her injuries until the next morning when she was given some ice to place on her badly swollen face.

## FEDERAL CLAIMS

**COUNT ONE: (Monell Claims as to All Defendants: Use of Excessive Force in Violation of 42 U.S.C. §1983)**

20. Paragraphs one through twenty are re-alleged and incorporated by reference as though stated fully herein.

21. The actions of all HPD officers, named and unnamed, in using excessive force in the apprehension and in custody treatment of the Plaintiff continued the pattern or practice of the use of excessive force by members of the HPD, in this case, by various named unnamed white HPD officers who used excessive force in handling the Plaintiff, a black women, while she was in custody at the HPD, Sgt. Guzie by violently striking the Plaintiff on her left side facial cheekbone, Chief Thody in his failure to train and/or discipline HPD officers in the proper use of force, and the City of Hartford in failing properly to oversee the conduct of HPD officers, particularly in view of the long history of a pattern and/or practise of the use of excessive force by HPD officers against black and brown people.

22. The actions of the Defendants as alleged herein constitute a violation of the Plaintiff's rights against the use of excessive force in violation of 42 U.S.C. §1983.

**COUNT TWO: (As to All Defendants, the Same Rights As White Citizens to The Full and Equal Protection of all Laws Against the Use of Excessive Force in Violation of 42 U.S.C. §1981)**

23. Paragraphs one through twenty are re-alleged and incorporated by reference as though stated fully herein.

24. The actions of all HPD officers, named and unnamed, in using excessive force in the apprehension and in custody treatment of the Plaintiff based upon her race as a black person denied her the full and equal benefit of all laws that protect citizens who are not

5

black or brown from the use of excessive force by members of the HPD, in this case, by various unnamed HPD officers who used excessive force in handling the Plaintiff while she was in custody at the HPD; Sgt. Guzie who violently struck the Plaintiff on her left side facial cheekbone; Chief Thody in his failure to train and/or discipline HPD officers in the proper use of force; and the City of Hartford in failing properly to oversee the conduct of HPD officers, particularly in view of the long history of a pattern and/or practise of the use of excessive force by HPD officers against black and brown people.

25. The actions of the Defendants as alleged herein constitute a denial of the same rights to the full and equal benefit of all laws as are guaranteed to white citizens to those citizens who are not black or brown.

**COUNT THREE: (As to Officers Baerga, Mebane, Cohen, other Unnamed HPD Officers and Sgt. Guzie, Violation of the Plaintiff's First Amendment Right to Free Speech.)**

26. Paragraphs one through twenty are re-alleged and incorporated by reference as though stated fully herein.

27. As a result of the Plaintiff exercising her right to free speech, including but not limited to, expressing in harsh terms her belief that the white HPD officers who were using excessive force against her based upon being a black female, the Unnamed Defendant HPD officers and Sgt. Guzie increased their use of excessive force against the Plaintiff, including Sgt. Guzie striking the Plaintiff violently with his right fist to the left facial cheekbone of the Plaintiff, all in violation of her First Amendment right to free speech.

**COUNT FOUR: (As to Officers Baerga, Mehane, Cohen, the Unnamed Defendant Officers and Sgt. Guzie, a Violation of the Plaintiff's Eighth Amendment Right to Protection Against Cruel and Unusual Punishment.)**

28. Paragraphs one through twenty are re-alleged and incorporated by reference as though

stated fully herein.

29. The use of excessive force by the Unnamed Defendant HPD officers and Sgt. Guzie, including Sgt. Guzie striking the Plaintiff violently with his right fist to the left facial cheekbone of the Plaintiff, constituted a violation of her Eighth Amendment protection against the use of cruel and unusual punishment of the Plaintiff while she was in the custody and control of the HPD and its officers, including Sgt. Guzie.

**COUNT FIVE: (As to Officers Baerga, Mehane, Cohen, the Unnamed Officers, and Sgt. Guzie a Violation of the Plaintiff's Right to Equal Protection Guaranteed Under the 14th Amendment to the U.S. Constitution.)**

30. Paragraphs one through twenty are re-alleged and incorporated by reference as though stated fully herein.

31. The Defendants' conduct as alleged herein constituted a treatment of the Plaintiff who is a black woman differently than similarly situated white arrestees, all in violation of her Fourteenth Amendment right to equal protection under the law.

## STATE CLAIMS

**COUNT SIX: (As to All Defendants, a Violation of Article First, Section 1 and Article First, Section 20, as Amended by Article V and Article XXI of the Amendments to the Connecticut Constitution.)**

32. Paragraphs one through twenty are re-alleged and incorporated by reference as though stated fully herein.

33. The Defendants' conduct as alleged above constitutes discrimination based upon race in violation of Article First, Section 1 and Article First, Section 20, as amended by Article V and Article XXI of the Amendments to the Connecticut Constitution.

34. As a result of the Defendants' denial of Plaintiff's rights guaranteed under the Constitution of the State of Connecticut, the Plaintiff suffered extreme pain and injuries to her body.

**COUNT SEVEN: (As to all Defendants, Intentional Infliction of Emotional Distress.)**

35. Paragraphs one through twenty are re-alleged and incorporated by reference as though stated fully herein.

36. The Defendants' conduct in using excessive force against the Plaintiff while she was in their custody, in particular the intentional action by Sgt.Guzie in striking an extremely violent punch to the left side of the Plaintiff's facial cheekbone, constituted intentional infliction of emotional distress on the Plaintiff by the Defendants

37. The action of Sgt. Guzie striking the Plaintiff violently to the left side of her facial cheekbone and then dragging her to cell 64 was consistent with similar violent behavior of HPD officers toward in-custody citizens for many years prior to the assault by Sgt. Guzie against the Plaintiff, which such assaults went unpunished and were tacitly condoned by the City and HPD.

38. As a result of this intentional conduct by the Defendants, the Plaintiff suffered and will continue to suffer extreme emotional distress.

**COUNT EIGHT: (As to all Defendants, Negligent Infliction of Emotional Distress)**

39. Paragraphs one through twenty are re-alleged and incorporated by reference as though stated fully herein.

40. The Defendants' actions in using excessive force against the Plaintiff while she was in their custody, including Sgt. Guzie striking her violently with a punch from his right hand to her left facial cheekbone, then dragging her to cell 64 constituted negligent infliction of emotional distress.

41. As a result of this negligent conduct by the Defendants, the Plaintiff suffered and will continue to suffer extreme emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests the following relief:

a. Compensatory damages;
b. Non compensatory damages;
c. Damages for emotional suffering;
d. Punitive damages as to Sergeant Guzie;
e. Attorney fees and costs;
f. Such other equitable relief as the Court deems appropriate.

        THE PLAINTIFF,
        FELICIA JENKINS

BY:    /s/ Ronald S. Johnson
       Ronald S. Johnson, Esq. Juris No.: ct08577
       Law Office of Ronald S. Johnson & Assoc.
       100 Wells Street, Suite 2C
       Hartford, Connecticut 06103
       Phone: 860-231-9757
       Facsimile: 860-233-8276
       Email: janvier7@aol.com

## CLAIM FOR JURY TRIAL

Plaintiff, through counsel, claims this matter for trial by jury.

        THE PLAINTIFF,
        FELICIA JENKINS

BY:    /s/ Ronald S. Johnson
       Ronald S. Johnson, Esq. Juris No.: ct08577
       Law Office of Ronald S. Johnson & Assoc.
       100 Wells Street, Suite 2C
       Hartford, Connecticut 06103
       Phone: 860-231-9757
       Facsimile: 860-233-8276
       Email: janvier7@aol.com