UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FELICIA JENKINS, | ) | CIVIL ACTION NO. |
|     Plaintiff | ) | 3:22-cv-01289-KAD |
| v. | ) | |
| JAMES GUZIE and SHANE MEBANE | ) | |
|     Defendants | ) | JUNE 17, 2024 |

## THIRD AMENDED COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

This action is brought to redress the excessive and unreasonable use of force against the Plaintiff, Felicia Jenkins, and the failure to protect the Plaintiff by the Defendants, James Guzie and Shane Mebane, in violation of the Plaintiff's rights under the Fourth Amendment to the United States Constitution as enforced pursuant to 42 U.S.C. § 1983. Plaintiff also asserts state law claims alleging intentional infliction of emotional distress, negligent infliction of emotional distress, assault and battery and recklessness against the Defendant, James Guzie.

### II. JURISDICTION

1. Jurisdiction is founded upon 28 U.S.C. § 1331, § 1343(a)(3)(4), and § 1367(a). This Court has jurisdiction over the Plaintiff's claims of violation of civil rights under 42 U.S.C. § 1983.

### III. VENUE

2. Venue in the Federal District Court for the District of Connecticut is proper pursuant to 28 U.S.C. §1391.

IV. **PARTIES**

3. The Plaintiff, Felicia Jenkins, was at all times relevant herein a resident of the City of Hartford State of Connecticut.

4. The Defendant, James Guzie, was at all times relevant herein a member of the Hartford Police Department and was acting in his capacity as a duly appointed Sergeant of the Hartford Police Department.

5. The Defendant, Shane Mebane, was at all times relevant herein a member of the Hartford Police Department.

6. At All times relevant times herein, Defendants James Guzie and Shane Mebane, were acting under color of law, that is, color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut as well as police officers with the City of Hartford and in the course of their employment. They are sued in their individual capacity.

V. **STATEMENT OF FACTS**

7. This is an action for relief against police officers for the City of Hartford who, acting under the color of law, deprived the plaintiff of rights, privileges and immunities secured to her by the United States Constitution and the laws of the United States. Such deprivations are in violation of Title 42 of the United States Code, Section 1983.

8. On or about the late hours of March 14, 2021 to the early morning hours of March 15, 2021, the Plaintiff was arrested on charges of Breach of Peace and Criminal Trespass by Hartford Police Officer Shameal Samuels and another Hartford Police Officer.

9. At the scene of the arrest, the Plaintiff told Officer Samuels that she suffered from PTSD

and asked for psychiatric help.

10. The Plaintiff suffers from mental health issues including PTSD and she was clearly exhibiting signs of these issues while at the scene where she was arrested and later while at the Hartford police station.

11. At the scene of the arrest, Officer Samuels made observations that led Officer Samuels to conclude that the Plaintiff was intoxicated at the time of the arrest.

12. Throughout her time in police custody, officers who came into contact with the Plaintiff, concluded she was intoxicated.

13. After the arrest for the misdemeanor charges, the Plaintiff was transported to the police station at 253 High Street in Hartford by Officer Samuels.

14. After Officer Samuels transported the Plaintiff to the police station, the Plaintiff was brought into an intake or processing room located at 253 High Street in the City of Hartford.

15. At that time and at relevant times herein, Hartford Police officers present in the intake or processing room included Paul Cohen, Shane Mebane, Jose Contreras, Shameal Samuels, Kelly Baerga, and the Defendant James Guzie.

16. While the Plaintiff was in the intake/processing room at the police station, the police officers began the intake process with the Plaintiff.

17. During the intake process, the Plaintiff exercised her First Amendment right to free speech and made critical remarks about the police and directed offensive language toward the officers.

18. The Defendant, James Guzie, after hearing what the was saying to the officers, approached the area where the Plaintiff was and while standing several feet away from the Plaintiff yelled a command for the officers to place the Plaintiff in Cell 64.

19. At the time the Defendant issued the command about Cell 64 the Plaintiff was being restrained, by Officer Baerga who was holding the Plaintiff's right arm and by Officer Mebane who held her left arm, while Officer Samuels stood between the Plaintiff and the Defendant.

20. In response to what the Defendant, James Guzie, said about Cell 64, the Plaintiff directed some negative comments and an expletive toward the Defendant, James Guzie and then spit in the direction of the Defendant, Guzie.

21. After the Plaintiff spit in the direction of the Defendant, the Defendant, James Guzie, then charged toward the Plaintiff and with a closed fist violently and forcefully punched the Plaintiff in the left side of her face while Officer Baerga held the Plaintiff's right arm and Officer Mebane held the Plaintiff's left arm and Officer Samuels stood between the Plaintiff and the Defendant.

22. After the Defendant, James Guzie balled up his fist and violently punched the Plaintiff, the Plaintiff immediately and violently fell to the floor due to the force of the punch to her face.

23. While the Plaintiff laid incapacitated on the floor at the HPD station, as a result of the Defendant's punch to the Plaintiff's face, with a closed fist, the Defendant, James Guzie began to drag the Plaintiff violently toward a jail cell, against the verbal admonitions of Officer Baerga.

24. After the Defendant, James Guzie, began violently dragging the Plaintiff, Officer Baerga intervened by telling her superior officer, the Defendant James Guzie, "not to do it" while physically halting the Defendant Guzie's dragging of the Plaintiff.

25. When the Defendant, James Guzie, punched the Plaintiff in the face with a closed fist he was not attempting to prevent the Plaintiff from further spitting at him or any other officer nor was he doing so to secure compliance with a lawful order.

26. When the Defendant, James Guzie, punched the Plaintiff in the face with a closed fist it was a gratuitous use of force and was not reasonable under the circumstances.

27. When the Defendant, James Guzie, punched the Plaintiff in the face with a closed fist it was done out of anger and as retribution for the Plaintiff spitting in his direction.

28. After the Defendant, James Guzie, punched the Plaintiff in the face with a closed fist, other HPD officers that were present, including Officer Baerga, brought the Plaintiff into cell 65.

29. The Plaintiff remained in cell 65 for the entire night without being treated for the injuries she received to the left side of her face as a result of the violent closed fist punch to her face by the Defendant, James Guzie.

30. The long-lasting pain and mental anguish that the Plaintiff experienced throughout that night was the beginning of her suffering that continues until the present time and may be permanent in nature.

31. The Plaintiff's injuries included swelling to her left eye and entire left side of her face.

32. The Plaintiff received no medical treatment for her injuries until the next morning when she was given some ice to place on her badly swollen face.

33. Upon her release from custody, the Plaintiff presented to the emergency room for treatment of her injuries.

34. The Plaintiff suffered injuries including but not limited to injuries to her face from the violent closed fist punch to the left side of her face by the Defendant, James Guzie.

35. As a direct and proximate result of the aforesaid actions of the Defendant, James Guzie, the Plaintiff has suffered and continues to suffer great physical and emotional pain, including but not limited to, symptoms of PTSD, mental anguish, frustration and anxiety over the fact she was assaulted, injured and remains injured.

36. As a direct and proximate result of the aforesaid actions of the Defendant, James Guzie, the Plaintiff has been limited in her ability to enjoy and engage in all of life's activities as she had prior thereto and will be limited in the future.

37. As a direct and proximate result of the aforesaid actions of the Defendant, James Guzie, the Plaintiff has and will in the future, incur expenses for hospital, physicians, physical therapy and other related expenses as a result of her injuries.

38. As a direct and proximate result of the aforesaid actions of the Defendant, James Guzie, the Plaintiff has been limited in her ability to engage in her usual occupation as she had prior thereto and will be so limited in the future, resulting in a loss of earnings and earning capacity.

39. As a result of the Defendant, James Guzie's actions, the Plaintiff has sustained losses, including financial losses, some of which may be permanent in nature.

40. After the Defendant, James Guzie, punched the Plaintiff in the face with a closed fist, the Defendant, James Guzie, falsely claimed that the Plaintiff spit right in his face and also

falsely claimed that HPD officers were trained to use what he described as a "Hard Hand Control" under circumstances as were present on March 15, 2021, i.e., striking a restrained person in custody with a clenched fist to the face, while in fact such conduct by Defendant, James Guzie, was in violation of HPD Policy 3.01 Use of Force - General Section II.

41. The Defendant, Sgt. James Guzie, was arrested and criminally charged due to his closed fist punch to the face of the Plaintiff on March 15, 2021.

42. The Defendant, Sgt. James Guzie, applied for Accelerated Rehabilitation, which was granted with a disposition date of July 6, 2024.

VI. **CLAIMS OF LAW**

**COUNT ONE**: **42 U.S.C. (Excessive Force)**

43. Paragraphs one through forty-two are re-alleged and incorporated by reference as though stated fully herein.

44. Plaintiff makes a claim under 42 U.S.C. Section 1983 for a violation of the Fourth Amendment to the United States Constitution.

45. The Fourth Amendment does not permit police officers to use excessive force during an arrest or during the booking procedure.

46. At the time of the booking procedure, the plaintiff had not been charged with a felony.

47. At the time of the booking procedure, the Plaintiff did not pose an imminent threat to any of the officers in the intake/processing room.

48. At the time of the booking procedure, the Plaintiff was not an imminent threat to flee or escape.

49. The Defendant, James Guzie's violent punch to Plaintiff's face, while the Plaintiff Jenkins was restrained by the Defendant Mebane and was not actively resisting, constitutes an objectively unreasonable, unnecessary and excessive use of force that lacked a legitimate law enforcement purpose and was not reasonable considering the threat the Plaintiff presented at that time.

50. Defendant Guzie's conduct in dragging the Plaintiff across the floor constitutes an objectively unreasonable, unnecessary, and excessive use of force that lacked a legitimate law enforcement purpose and was not reasonable in light of the threat the Plaintiff presented at that time.

51. Defendants Guzie and Mebane acted under color of law to deprive the Plaintiff, Jenkins, of her right to be free of excessive force pursuant to the Fourth Amendment and the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §§ 1983 and 1988.

52. Plaintiff Jenkins' right to be free from excessive and gratuitous force in the manner described in this Complaint was clearly established at the time the force was used.

53. As a direct and proximate result of the intentional, willful and/or recklessly indifferent acts of the Defendants, James Guzie and Shane Mebane, the Plaintiff has suffered and sustained severe mental and physical pain and suffering and injury.

54. The above-described deprivations of Plaintiff's constitutional rights are a direct and proximate result of the actions and omissions of the Defendants, James Guzie and Shane Mebane.

55. As a direct and proximate result of the violation of her constitutional rights by the

Defendants, James Guzie and Shane Mebane, the Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983, including punitive damages.

56. The actions and omissions of the Defendant, James Guzie, complained of herein were unlawful, conscious shocking and unconstitutional and were performed maliciously, recklessly, fraudulently, sadistically, retaliatory, intentionally, willfully, wantonly and in such a manner as to entitle the Plaintiff to an award of punitive damages.

**COUNT TWO: 42 U.S.C. 1983 (Failure to Protect)**

57. Paragraphs one through forty-two are re-alleged and incorporated by reference as though stated fully herein.

58. The Defendants, James Guzie and Shane Mebane, had the opportunity and the means to prevent the harm from occurring to Plaintiff prior to time the Defendant, James Guzie punched and dragged the Plaintiff across the floor.

59. There was sufficient time prior to the violent punch to Plaintiff's face by Defendant, James Guzie, for the Defendants, James Guzie and Shane Mebane, to exercise restraint and employ appropriate tactics given the circumstances then present, however, the Defendant, failing to employ training and experience, exerted excessive and unreasonable force toward the Plaintiff instead.

60. The Defendants, James Guzie and Shane Mebane, are liable for failing to protect the Plaintiff, Jenkins, from the Defendant Guzie's excessive and unnecessary force because they owed Plaintiff Jenkins a duty of protection against such use of excessive force.

61. As a direct and proximate result of the intentional, willful and/or recklessly indifferent acts of the Defendant, James Guzie, the Plaintiff has suffered and sustained severe mental and physical pain and suffering and injury.

62. The Plaintiff is entitled to compensation for the constitutional harms that the Defendants inflicted upon her including personal injury, loss of liberty and violation of her constitutional rights.

63. The above-described deprivations of Plaintiff's constitutional rights are a direct and proximate result of the actions and omissions of the Defendants, James Guzie and Shane Mebane.

64. Defendants knew or should have known that their failure to protect Defendant Jenkins from such uses of force was objectively unreasonable.

65. As a direct and proximate result of the violation of his constitutional rights by the Defendants, James Guzie and Shane Mebane, the Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

66. The actions and omissions of the Defendant, James Guzie, complained of herein were unlawful, conscious shocking and unconstitutional and performed maliciously, recklessly, fraudulently, sadistically, retaliatory, intentionally, willfully, wantonly and in such a manner as to entitle the Plaintiff to an award of punitive damages.

**COUNT THREE: Intentional Infliction of Emotional Distress (against James Guzie)**

67. Paragraphs one through forty-two are re-alleged and incorporated by reference as though stated fully herein.

68. The actions by the Defendant, James Guzie, constituted extreme and outrageous conduct, which transcends all bounds of decency tolerated by society.

69. The Defendant, James Guzie, intended to cause distress and mental anguish to the Plaintiff or should have known that emotional distress was the likely result of his actions.

70. The actions of the Defendant, James Guzie, were willful, wanton and reckless.

71. As a direct and proximate result of this intentional conduct by the Defendant, the Plaintiff suffered and will continue to suffer extreme emotional distress and other damages, some of which may be permanent in nature.

**COUNT FOUR: Negligent Infliction of Emotional Distress (against James Guzie.)**

72. Paragraphs one through forty-two are re-alleged and incorporated by reference as though stated fully herein.

73. The Defendant, James Guzie, engaged in conduct that he should have realized involved an unreasonable risk of causing the Plaintiff emotional distress and that if were caused, might result in illness or bodily injury.

74. As a direct and proximate result of the actions of the Defendant, James Guzie, the Plaintiff suffered and will continue to suffer emotional distress.

**COUNT FIVE: Assault and Battery (against James Guzie)**

75. Paragraphs one through forty-two are re-alleged and incorporated by reference as though stated fully herein.

76. The Defendant, James Guzie, forcefully punched the Plaintiff with a closed fist with the intention of placing her in apprehension of imminent serious bodily harm.

77. The Defendant, James Guzie, touched the Plaintiff in an offensive and harmful manner when he punched her in the face with a closed fist.

78. As a result of the conduct of the Defendant, James Guzie, the Plaintiff was in fact put in apprehension of imminent serious bodily injury.

79. The conduct of the Defendant, James Guzie, constituted an assault and battery upon the Plaintiff.

80. The personal injuries and losses complained of by the Plaintiff, previously described in this Complaint, some of which may be permanent in nature, were the direct and proximate result of said assault and battery.

**COUNT SIX: Recklessness (against James Guzie)**

81. Paragraphs one through forty-two are re-alleged and incorporated by reference as though stated fully herein.

82. The conduct of the Defendant, James Guzie, was not ordinary and customary for the arrest and detention of a criminal suspect.

83. The Defendant, James Guzie, was reckless and malicious in one or more of the following ways: a) He assaulted the Plaintiff without legal or probable cause or justification, b) He used excessive and unreasonable force against the Plaintiff to punish the Plaintiff, c) The conduct of the Defendant, Guzie, was done with the intention of inflicting bodily injury and without any useful purpose for the arrest and detention of a criminal suspect.

84. The actions and omissions of the Defendant, James Guzie, complained of herein were unlawful, conscious shocking and unconstitutional and were performed maliciously,

recklessly, fraudulently, sadistically, retaliatory, intentionally, willfully, wantonly and in such a manner as to entitle the Plaintiff to an award of punitive damages.

85. The personal injuries and losses complained of by the Plaintiff previously in this Complaint, some of which may be permanent in nature, were the direct and proximate result of said recklessness and maliciousness.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests the following relief:

    a. Compensatory damages;
    b. Non compensatory damages;
    c. Damages for emotional suffering;
    d. Punitive damages as to Sergeant Guzie;
    e. Attorney fees and costs;
    f. Such other equitable relief as the Court deems appropriate.

THE PLAINTIFF,
FELICIA JENKINS

BY:   /s/ Ronald S. Johnson
Ronald S. Johnson, Esq. Juris No.: ct08577
Law Office of Ronald S. Johnson & Assoc.
185 Asylum Street, Suite 1502
Hartford, Connecticut 06103
Phone: 860-231-9757
Facsimile: 860-233-8276
Email: janvier7@aol.com

## **CERTIFICATION**

  This is to certify that on June 17, 2024, a copy of the foregoing Third Amended Complaint was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                 BY:  /s/ Ronald S. Johnson
                    Ronald S. Johnson