## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FELICIA JENKINS, | ) | CASE NO. 3:22-cv-01289 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES GUZIE and SHANE MEBANE, | ) | OCTOBER 15, 2024 |
| *Defendants*. | ) | |

### MEMORANDUM OF DECISION
### RE: DEFENDANT MEBANE'S MOTION TO DISMISS (ECF NO. 43)

Kari A. Dooley, United States District Judge:

This civil rights action arises out of the arrest and detention of Plaintiff Felicia Jenkins ("Plaintiff" or "Jenkins") by Hartford Police Department (HPD) officers on March 14–15, 2021. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that the Defendants Sergeant James Guzie ("Guzie") and Officer Shane Mebane ("Mebane") used excessive force while Plaintiff was detained by the HPD and failed to intervene in the use of excessive force by others.  Pending before the Court is Defendant Mebane's motion to dismiss the Third Amended Complaint as against him, which Plaintiff opposes in part.  For the reasons that follow, the motion is GRANTED as to Count 1 and DENIED as to Count 2.

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557).  Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678.  Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

**Allegations and Procedural History**

The Court assumes familiarity with the allegations in the pleadings, as summarized in the Court's Order of March 18, 2024, granting the City of Hartford and Chief Jason Thody's motion to dismiss.  Order, ECF No. 35, at 2–4.  However, the Court includes the allegations germane to this motion.

Between March 14 and 15, 2021, Plaintiff was arrested by the HPD for breach of peace and criminal trespass.  Third Am. Compl. ("TAC"), ECF No. 45, ¶ 8.  Plaintiff was brought to the HPD processing room by several HPD officers, including Defendants Guzie and Mebane.  *Id.* ¶¶ 14–15.  During the intake process, Plaintiff was restrained by two officers—Officer Kelly Baerga ("Baerga"), who held her right arm, and Mebane, who held her left.  *Id.* ¶ 19.  At one point, Plaintiff "directed some negative comments and an expletive toward" Guzie, and then spit in his direction.  *Id.* ¶ 20.  After Plaintiff's comments, Guzie charged at Plaintiff and punched Plaintiff on her left cheek with his closed right fist, causing her to fall to the floor.  *Id.* ¶¶ 21–22.

After Guzie knocked Plaintiff to the floor, he "began to drag the Plaintiff violently toward a jail cell," despite the verbal admonitions of Baerga.  *Id.* ¶ 23.  Baerga intervened by telling Guzie "not to do it" while "physically halting Defendant Guzie's dragging of the Plaintiff."  *See id.* ¶ 24. Plaintiff stayed in a jail cell overnight and was not treated for her injuries, which included

"swelling to her left eye and entire left side of her face." *Id.* ¶¶ 31–32. The following morning, she was released from custody. *Id.* ¶ 33. Guzie was subsequently arrested and criminally charged for punching Plaintiff. *Id.* ¶ 41.

Plaintiff filed her original Complaint on October 13, 2022, which was subsequently amended twice. The Second Amended Complaint was brought against the City of Hartford, along with seven HPD officers: Chief Jason Thody, Guzie, Mebane, and Officers Shameal Samuels, Kelly Baerga, Jose Contreras, and Paul Cohen. Second Am. Compl., ECF No. 23. The City and Chief Thody thereafter moved to dismiss the claims against them in the Second Amended Complaint, and the Court granted that motion on March 18, 2024. Order, ECF No. 35. With leave of Court, Plaintiff then filed the now operative Third Amended Complaint on June 17, 2024. *See* TAC, ECF No. 45.

The TAC names only Guzie and Mebane as defendants. Plaintiff asserts six causes of action against Guzie, and two claims, both under 42 U.S.C. § 1983, against Mebane: excessive force (Count 1) and failure to intervene (Count 2).[1] Mebane moves to dismiss both counts for failure to state a claim.

**Discussion**

*Count 1: Excessive Force*

Although Plaintiff asserted an excessive force claim against Mebane, she did not oppose the motion to dismiss this count in her memorandum of law in opposition to the motion to dismiss. *See* Pl.'s Opp'n, ECF No. 46; Def.'s Reply, ECF No. 50, at 1. Indeed, Plaintiff asks only that "this Court deny the defendant's Motion to Dismiss as to Count Two of the Complaint." Pl.'s Opp'n, ECF No. 46, at 6. The Court construes Plaintiff's response as an abandonment of Count One. *See,*

---

[1] Count Two is labeled as a "Failure to Protect" claim against both Defendants. However, as explained below, this claim is more properly identified as a failure to intervene claim.

*e.g.*, *Lami v. Stahl*, No. 3:05-CV-1416, 2007 WL 3124834, at *1 (D. Conn. Oct. 25, 2007) ("It is well settled that a failure to brief an issue is grounds to deem the claim abandoned."); *Henry v. Metro. Transp. Auth.*, No. 07-CV-3561, 2014 WL 4783014, at *12 n.4 (S.D.N.Y. Sept. 25, 2014) ("[T]he Court deems Plaintiff to have abandoned any claim that the disciplinary charges and LOI constitute a discrete instance of race-based disparate treatment by the MTA.  Defendants' moving memorandum specifically addresses these claims, but Plaintiff's opposition brief fails to mention them in any way."); *Diaz v. City of Hartford*, No. 3:18-CV-1113, 2021 WL 1222187, at *4 n.5 (D. Conn. Mar. 31, 2021).

    *Count 2: Failure to Intervene*

    Plaintiff also contends that Mebane failed to intervene in Guzie's violation of her constitutional rights.  As a preliminary matter, both the Plaintiff and Defendant incorrectly identify this cause of action as a "failure to protect" claim, and they both analyze the TAC's allegations under *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 197 (1989), a substantive due process case.  *DeShaney* addressed those circumstances when a state actor may be liable for the violent acts of a private person, *i.e.*, a non-state actor, and it simply has no application here.  Guzie and Mebane were both state actors for purposes of § 1983.  But Count 2 properly asserts a failure to intervene claim, which arises when an officer fails to intervene to protect an individual from *another officer*.  *See Terebesi v. Torreso*, 764 F.3d 217, 243 (2d Cir. 2014) ("It is widely recognized that all law enforcement officials have an affirmative duty to intervene and protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." (quotation omitted)).

    "A police officer is under a duty to intercede and prevent fellow officers from subjecting a citizen to excessive force, and may be held liable for his failure to do so if he observes the use of force and has sufficient time to prevent it."  *Figueroa v. Mazza*, 825 F.3d 89, 106 (2d Cir. 2016). To state a claim for a police officer's failure to intervene, a plaintiff must allege facts showing

that: "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Rosario v. City of New York*, No. 18-CV-4023, 2019 WL 4450685, at *7 (S.D.N.Y. Sept. 16, 2019) (quotation omitted). The theory underlying the claim is that, by failing to intervene, the officer becomes a "tacit collaborator" in the unconstitutional conduct. *Figueroa*, 825 F.3d at 106. "Whether an officer had sufficient time to intercede or was capable of preventing the harm being caused by another officer is an issue of fact." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994).

The TAC details how Guzie charged at and punched Plaintiff, unabated by the other officers who were present. And after he began to drag her toward a jail cell, only one officer (Baerga) attempted to intervene. TAC, ECF No. 45, ¶¶ 23–24. Thus, Plaintiff clearly states a claim for excessive force against Guzie, as he is alleged to have punched Plaintiff while she was restrained, in violation of department policy (and for which Plaintiff alleges he was criminally charged). *Id.* ¶¶ 22–24, 40–41. Plaintiff also alleges that Mebane had "the opportunity and the means to prevent the harm" prior to the time that Guzie punched Plaintiff, *id.* ¶ 58, and that Mebane is liable because he failed to protect her from Guzie's use of excessive force, *id.* ¶ 60.

With these allegations, Plaintiff has successfully pled a failure to intervene claim against Mebane, and thus, his motion to dismiss is denied.

**Conclusion**

As explained above, Defendant Mebane's motion to dismiss is GRANTED as to Count One (against Mebane) and DENIED as to Count Two.

**SO ORDERED** at Bridgeport, Connecticut, this 15th day of October 2024.

_/s/ Kari A. Dooley_____
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE